TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00374-CR







Ex Parte: T. J. Johnson, Appellant








FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7818, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM


 T. J. Johnson appeals from an order denying habeas corpus relief. Tex. R. App. P. 44. 
In a single point of error, appellant contends the district court erred by holding that a judgment forfeiting
property does not serve as a double jeopardy bar to his prosecution for possession of cocaine with intent
to deliver. See Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.112(a), (d) (West
Supp. 1997). He asserts that the forfeiture constituted punishment and placed him in jeopardy, and
therefore, further prosecution is barred by both the United States and the Texas constitutions. U.S. Const.
amend. V; Tex. Const. art. I, § 14.

 In March 1995, the State filed a forfeiture action against a 1992 Lexus automobile and
other property owned by appellant and alleged to be contraband under the terms of chapter 59 of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 59.01(2) (West Supp. 1997). A default
judgment of forfeiture was rendered in this action. It was stipulated below that the possession of cocaine
for which appellant now stands indicted was the offense underlying the forfeiture proceeding.

 In United States v. Ursery, U.S. , 116 S. Ct. 2135 (1996), the United States Supreme
Court held that civil forfeitures generally do not constitute punishment for purposes of the Double Jeopardy
Clause of the Fifth Amendment. Id. at 2149. The court outlined a two-part test for determining whether
jeopardy attaches during a forfeiture proceeding. Id. at 2147; see Gaston v. State, 930 S.W.2d 222, 224
(Tex. App.--Austin 1996, no pet.). The Court of Criminal Appeals recently applied this test in determining
whether a forfeiture action under the Texas statute subjected a defendant to double jeopardy. Fant v.
State, 931 S.W.2d 299, 306-08 (Tex. Crim. 1996). The court held that forfeiture pursuant to chapter 59
of the Code of Criminal Procedure is a civil in rem proceeding, neither punitive nor criminal in nature, for
the purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at 309. In accordance with
Fant, we hold that criminal prosecution of appellant following forfeiture of his property will not violate the
Fifth Amendment.

 As this Court implicitly held in Gaston, Ursery's two-part analysis also applies to claims
under the Double Jeopardy Clause of the Texas Constitution. Gaston, 930 S.W.2d at 223-24. Gaston
involved the forfeiture of a truck and assertions of double jeopardy. Although Gaston did not separately
address the United States and Texas constitutions, double jeopardy claims were raised on appeal under
both constitutional provisions. Appellant has not offered the Court additional briefing under the Texas
Constitution, but to the extent raised, we further hold that the result is the same. Following Ursery, Fant,
and Gaston, we hold that the pending prosecution will not violate Article I, section 14 of the Texas
Constitution.

 We overrule the point of error and affirm the order denying habeas corpus relief.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: January 23, 1997

Do Not Publish



TER>


NO. 03-96-00374-CR







Ex Parte: T. J. Johnson, Appellant








FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7818, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







PER CURIAM


 T. J. Johnson appeals from an order denying habeas corpus relief. Tex. R. App. P. 44. 
In a single point of error, appellant contends the district court erred by holding that a judgment forfeiting
property does not serve as a double jeopardy bar to his prosecution for possession of cocaine with intent
to deliver. See Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.112(a), (d) (West
Supp. 1997). He asserts that the forfeiture constituted punishment and placed him in jeopardy, and
therefore, further prosecution is barred by both the United States and the Texas constitutions. U.S. Const.
amend. V; Tex. Const. art. I, § 14.

 In March 1995, the State filed a forfeiture action against a 1992 Lexus automobile and
other property owned by appellant and alleged to be contraband under the terms of chapter 59 of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 59.01(2) (West Supp. 1997). A default
judgment of forfeiture was rendered in this action. It was stipulated below that the possession of cocaine
for which appellant now stands indicted was the offense underlying the forfeiture proceeding.

 In United States v. Ursery, U.S. , 116 S. Ct. 2135 (1996), the United States Supreme
Court held that civil forfeitures generally do not constitute punishment for purposes of the Double Jeopardy
Clause of the Fifth Amendment. Id. at 2149. The court outlined a two-part test for determining whether
jeopardy attaches during a forfeiture proceeding. Id. at 2147; see Gaston v. State, 930 S.W.2d 222, 224
(Tex. App.--Austin 1996, no pet.). The Court of Criminal Appeals recently applied this test in determining
whether a forfeiture action under the Texas statute subjected a defendant to double jeopardy. Fant v.
State, 931 S.W.2d 299, 306-08 (Tex. Crim. 1996). The court held that forfeiture pursuant to chapter 59
of the Code of Criminal Procedure is a civil in rem proceeding, neither punitive nor criminal in nature, for
the purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at 309. In accordance with
Fant, we hold that criminal prosecution of appellant following forfeiture of his property will not violate the
Fifth Amendment.

 As this Court implicitly held in Gaston, Ursery's two-part analysis also applies to claims
under the Double Jeopardy Clause of the Texas Constitution. Gaston, 930 S.W.2d at 223-24. Gaston
involved the forfeiture of a truck and assertions of double jeopardy. Although Gaston did not separately
address the United States and Texas constitutions, double jeopardy claims were raised on appeal under
both constitutional provisions. Appellant has not offered the Court additional briefing under the Texas
Constitution, but to the extent raised, we further hold that the result is the same. Following Ursery, Fant,
and Gaston, we hold that the pending prosecution will not violate Article I, section 14 of the Texas
Constitution.